IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35144-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RYAN S. ROBISON, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Following Ryan Robison's termination from a mental health court program, a trial court convicted him of second degree burglary and second degree theft. The convictions were based on Mr. Robison's stipulation to facts contained in a police report, which was a condition for his entering the program.

On appeal, Mr. Robison argues there was insufficient evidence in the police report that (1) the value of the laptop and bag he stole exceeded $750, and (2) he entered the building unlawfully. We determine that the facts contained in the police report are sufficient to support the two challenged findings and affirm the convictions.

No. 35144-1-III
*State v. Robison*


FACTS[1]

On June 16, 2015, Cary Cummings was working at the Davenport Grand Hotel in Spokane. While there, his work laptop was in the equipment room of the hotel. The computer and its software had an approximate value of $3,000. On that day, the hotel was not yet open to the public. Ryan Robison entered the hotel, walked into the equipment room and left with Mr. Cummings's laptop and bag. Mr. Robison left the hotel and gave the laptop to another individual.

Following his arrest, the State charged Mr. Robison with second degree burglary and second degree theft. He then agreed to terms for entering the drug court program. Under those terms, Mr. Robison agreed to various conditions of the program, and the State agreed to dismiss the charges against him on successful completion of the program. Subsequently, the parties modified that agreement and placed him instead in the mental health court program. Both agreements provided that Mr. Robison stipulated to the accuracy and reliability of the facts found in the police report for the purposes of a bench trial should he be terminated from the program. Mr. Robison was eventually terminated from the mental health court program. The case proceeded to a bench trial, and the court found Mr. Robison guilty on both counts.

---

[1] The first paragraph of our statement of facts comes from the police report.

2

Mr. Robison appeals.

ANALYSIS

*1.      Standard of review*

When reviewing a claim that the State presented insufficient evidence at trial, this

court views all of the evidence in the light most favorable to the State to determine

whether a rational trier of fact could conclude that the elements have been proved beyond

a reasonable doubt. *State v. Brown*, 162 Wn.2d 422, 428, 173 P.3d 245 (2007). "[A]ll

reasonable inferences from the evidence must be drawn in favor of the State and

interpreted most strongly against the defendant." *State v. Salinas*, 119 Wn.2d 192, 201,

829 P.2d 1068 (1992). Furthermore, "[a] claim of insufficiency admits the truth of the

State's evidence and all inferences that reasonably can be drawn therefrom." *Id.*

*2.      Requirements of proof*

To prove second degree theft, RCW 9A.56.040(1) required the State to prove that

the value of the property stolen by Mr. Robison exceeded $750. To prove second degree

burglary, RCW 9A.52.030(1) required the State to prove that Mr. Robison unlawfully

entered a building with the intent to commit a crime against property therein.

### 3.    *Application of facts to law*

Mr. Robison stipulated to all of the alleged facts in the police report.  First, he stipulated to Mr. Cummings's statement that the value of the stolen laptop and its contents were $3,000.  Next, he stipulated to the fact that the hotel was not open to the public.  When viewing the facts and all reasonable inferences in the light most favorable to the State, we conclude that a rational trier of fact could find that the value of the stolen items by Mr. Robison exceeded $750 and that Mr. Robison was not authorized to enter the Davenport Grand Hotel.

### 4.    *Appellate costs*

Mr. Robison requests that appellate costs be denied in the event that the State is the substantially prevailing party on appeal.  We deem the State the substantially prevailing party.  The State acknowledges that the trial court found Mr. Robison indigent for purposes of this appeal and that the State is unaware of any changes to Mr. Robison's financial circumstances and ability to pay.  The State requests that appellate costs be imposed consistent with RAP 14.2.  We defer the award of appellate costs to our commissioner or clerk-administrator in accordance with RAP 14.2.

No. 35144-1-III
*State v. Robison*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____  _____
Fearing, J.           Pennell, J.

5